UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LAZARO HERNANDEZ, #21047-018**                                                            **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 3:14-cv-281-CWR-FKB**

**LILLIAN GIBSON, ET AL.**                                                                  **RESPONDENTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Lazaro Hernandez, a federal inmate currently incarcerated in the Federal Correctional Complex, Yazoo City, Mississippi, filed this *pro se* action challenging a 2013 prison disciplinary action and resulting loss of good conduct time. On May 6, 2014, an Order [5] was entered directing Hernandez to complete, sign and file habeas corpus forms that were attached to the Order. In addition, his Motion [2] for Leave to Proceed *In Forma Pauperis* was denied and he was directed to pay the $5.00 filing fee. The Order [5] directed Hernandez to comply within twenty-one days and warned that a failure to timely comply would result in the dismissal of this case. After a Show Cause Order [6] was entered Hernandez filed a Response [7], which the Court also construed to be a request for an extension of time.

On July 8, 2014, an Order [8] was entered granting Hernandez an extension of time to comply with the May 6, 2014 Order [5]. He was directed to fully comply with the Order [5] on or before July 29, 2014. The Order warned Hernandez that "his failure to timely comply with any Order of this Court will be deemed as a purposeful delay and contumacious act" resulting in the dismissal of this cause without further notice. Order [8] at 1. Hernandez did not comply with this Order.

Since Hernandez is proceeding *pro se*, he was provided one final opportunity to comply

with the Court's Orders prior to the summary dismissal of this case. On August 14, 2014, the Court entered a Final Order to Show Cause [9]. Hernandez was directed to show cause, on or before August 30, 2014, why this case should not be dismissed for his failure to comply with the Court's previous Orders. In addition, he was directed to comply with the previous Orders, on or before August 30, 2014, by filing the required documents and by paying the filing fee. Consistent with the prior Orders, the Final Order to Show Cause [9] also warned that a failure to timely comply with the requirements of the Order would lead to the dismissal of this case without further notice. Hernandez has not complied with the Final Order to Show Cause.

This Court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997)(affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Hernandez has failed to comply with three Court Orders [5, 8, 9] and he has not contacted the Court since July 8, 2014. As the record demonstrates, lesser sanctions than dismissal have not

prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Petitioner's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Martinez,* 104 F.3d at 773; *Davis v. Gordon*, No. 02-61123, 2003 WL 22120979, at *1 (5th Cir. Sept. 12, 2003)(affirming dismissal based on habeas petitioner's failure to pay the filing fee); *see also Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal for inmate's failure to comply with a court order). Since the Respondents have not been called on to respond to this pleading, and the Court has not considered the merits of this case it will be dismissed without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

    A Final Judgment in accordance with this Memorandum Opinion will be entered.

    SO ORDERED, this the 15th day of September, 2014.

                                    s/Carlton W. Reeves
                                    UNITED STATES DISTRICT JUDGE